## Case No. 1,734.

BOWKER v. DOWS.

[3 Ban. & A. 518; 15 O. G. 510; Merw. Pat. Inv. 253.] [2]

Circuit Court, D. Massachusetts. Oct. 9, 1878.

PATENTS—INFRINGEMENT — COMBINATION—VALIDITY.

1. Where a party sells an article to persons who intend to use it in the combination claimed in the patent, and it is advertised and sold for that very purpose, such sale is an infringement, although the manufacture and sale would not, per se, be an infringement.

[Cited in Holly v. Vergennes Mach. Co., 4 Fed. 82; American Cotton-Tie Co. v. Simmons, 106 U. S. 95, 1 Sup. Ct. 57; Schneider v. Pountney, 21 Fed. 404; Alabastine Co. v. Payne, 27 Fed. 560; Snyder v. Bunnell, 29 Fed. 48; Boyd v. Cherry, 50 Fed. 282; Heaton Peninsular Button-Fastener Co. v. Dick, 55 Fed. 26. Followed in Travers v. Beyer, 26 Fed. 450. Distinguished in Robbins v. Columbus Watch Co., 50 Fed. 555.]
[See Millner v. Schofield, Case No. 9,609a; Saxe v. Hammond, Id. 12,411; Coolidge v. McCone, Id. 3,186; Richardson v. Noyes, Id. 11,792; Barnes v. Straus, Id. 1,022;

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 253, contains only a partial report.]

Maynard v. Pawling, 3 Fed. 711; New York Bung & Bushing Co. v. Hoffman, 9 Fed. 199; Schneider v. Pountney, 21 Fed. 399.]

2. A patent for a combination of saponine extracted from vegetable products with liquids containing carbonic acid gas is infringed by the sale of vegetable products containing saponine for use in such combination.

[Cited in Schneider v. Pountney, 21 Fed. 404; Hobbie v. Jennison, 40 Fed. 890.]

[See Cushing's opinion, 8 Op. Attys. Gen. 270; Crowell v. Harlow, 1 Fed. 140.]

3. Letters patent No. 193,476, granted to Horace L. Bowker, July 24th, 1877, for an improvement in syrups and mineral waters, *held* valid.

[In equity. Bill by Horace L. Bowker against Gustavus D. Dows to enjoin infringement of patent. Interlocutory decree for complainant.]

A. J. Robinson, for complainant.
Dana B. Gore, for defendant.

LOWELL, District Judge. The complainant, Horace L. Bowker, obtained a patent, No. 193,476, July 24th, 1877, for an improvement in syrups and mineral waters. The specification declares that the purpose of the invention is to create and sustain a sparkling, frothy foam or bead on any drink containing carbonic acid gas, when drunk from the bottle or fountain, and consists in combining with the syrups, mineral waters or drinks a small quantity of saponine extracts produced from any vegetable matters containing saponine, such as soap-bark, soapwort, and other plants which it mentions. It then describes the mode of obtaining the extract by steeping or boiling, and says that when the extract is mixed in small quantities with syrup, etc., it produces a foam and retains it a long time. He claims the combination of saponine, extracted from vegetable products, with syrups, mineral waters, ciders, beers, ales, etc., or other liquids containing carbonic acid gas, whether natural or artificial, as and for the purpose described.

The evidence for the complainant tends to show that the saponaceous extract has the properties ascribed to it, and that the complainant discovered this application of it. He makes an extract which he calls Bowker's gum, which has been sold to dealers in soda-water to a very considerable extent, and the defendant has sold an extract containing saponine for the same purpose and in large quantities. The directions for use, which are printed on the labels of the plaintiff's bottles, recommend the mixture of one or two ounces of the gum with every gallon of syrup, according to the amount of foam desired—for soda-fountains, one ounce; for beer, one or two ounces for every six pounds of sugar; for champagne cider, ten ounces of the gum to forty gallons of cider.

One objection taken by the defendant to the plaintiff's specification is that it does not describe the invention in such full, clear and exact terms as to enable a person skilled in the art to make and use it. No evidence has been taken by either party with a direct bearing upon this objection, which would be a formidable one if it appeared that the direction of the patent to mix a "small quantity" of the extract of saponine with the syrup or other liquid was one which required further experiment to enable the invention to be practiced advantageously. Taking only such evidence as arises incidentally in the case, we are not prepared to say that the description is insufficient. It appears by the directions accompanying the bottle, which we have quoted, that the difference of an ounce or two in the quantity used is not considered material; and we infer from this, and other testimony, that no great precision is required, and that a "small quantity" sufficiently describes the amount of the extract which is to be used in combination with the syrups and other liquids, in order to produce the desired effect; that the amount may be varied within pretty wide limits without affecting the result, except in degree, and that this may be ascertained very readily without what can be called experiment.

The defendant denies both the novelty and the utility of the invention. His principal witness, an able working chemist, who prepares the extract sold by the defendant, testifies that he made and used the discovery many years ago, but abandoned it because he found saponine to be very poisonous. This witness is contradicted not only by other witnesses, but by a letter in which he said that his compound, made before the date of the patent, was composed of certain other substances, without any mention of saponine; and on the other point, by the fact that he continued down to the time of the taking of his deposition, to sell a compound of saponine without any warning to his customers of its poisonous qualities, so that we think it would not be safe to decide, upon the strength of his evidence, that the invention was anticipated, or was not useful.

The defendant sells an extract containing saponine to persons who intend to use it in the combination claimed in the patent, and it is advertised and sold for that very purpose. Such a sale we regard as an infringement of the patent, though the manufacture and sale of the extract of saponine would not, without more, be an infringement. Where the patent was for a combination of the burner and chimney of a lamp, and the defendant made and sold the burner intending that it should be used with the chimney, he was held by Judge Woodruff to be liable as an infringer. Wallace v. Holmes [Case No. 17,100]. We do not think that the law requires us to hold those persons who actually use the combination (most of them, and perhaps all, without any purpose or knowledge of infringing), as the only persons liable, to the exoneration of the only person who makes and sells the extract for the express and avowed purpose of its use in combination.

It has further been argued to us, with earnestness, that there is nothing patentable in the discovery that the foam in beverages can be increased by the use of saponine; but we are of opinion that it is clearly a case of a patentable discovery of a new use, in a combination, to produce a better result than was known before. Interlocutory decree for the complainant.