TRAVERS *v.* BEYER and others.[1]

(*Circuit Court, N. D. New York.*   January 28, 1886.)

PATENTS FOR INVENTIONS—MAKING AND SELLING SEPARATE MATERIALS OF PATENTED COMBINATION.

> Where defendants made, and sold to dealers in the completed article, one of the parts of a patented combination which was of no practical utility or value except for the special purpose of the patentee, and which, of necessity, and to the knowledge of defendants, was to be used for the purpose of infringing the patent, *held,* that they were intentional promoters of the ultimate act of infringement, and therefore answerable as infringers.

In Equity.

*Antonio Knauth,* for complainant.

*Ward & Cameron,* for defendants.

WALLACE, J.   The only question not decided at the hearing of this cause was whether the defendants infringe the second claim of the complainant's patent, by manufacturing and selling the distending hammock blocks which are mentioned in the claim.   The claim is as follows:

"(2) The combination of a hammock, A, having suspension ropes, f, f, with detachable distending blocks, g, g, which are notched at their lower edge to space said ropes, f, f, substantially as specified."

The detachable notched distending blocks are the essence of the invention specified in this claim.   They are designed to keep the hammock properly distended when in use, at the option of the user, and to be readily removable for convenience when the hammock is not in use, or when the user desires to dispense with them.   The blocks are of no practical utility or value except for the special purpose of the patentee.   The defendants do not make or sell hammocks, but they are manufacturers of the blocks described in the specification, and sell them to dealers in hammocks, who sell them with or without the hammocks, at the option of the purchasers.

The defendants rely upon the well-settled rule, of common application, that the making and selling of the separate materials of a patented combination is not an infringement of the rights of the inventor. The claim might readily have been so expressed as to preclude any doubt of its sufficiency to protect the patentee, and it is to be regretted that it was not more carefully framed.   Nevertheless, upon the authority of *Wallace* v. *Holmes,* 9 Blatchf. 65, (followed in *Richardson* v. *Noyes,* 10 O. G. 501, and *Bowker* v. *Dowes,* 15 O. G. 510, the defendants cannot escape liability for infringement.   They are making and putting upon the market an article which, of necessity, to their knowledge, is to be used for the purpose of infringing the complainant's patent.   They thereby concert with those to whom they sell the

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

blocks to invade the complainant's rights. They are intentional promoters of the ultimate act of infringement.

A decree is ordered for the complainant.