## ALABASTINE Co. *v.* PAYNE.[1]

*(Circuit Court, N. D. New York.* May 10, 1886.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT.

Letters patent No. 161,591, granted to Melvin B. Church, April 6, 1875, for an improvement in calcimine, consisting of pulverized calcined gypsum and white glue, the latter being dissolved in hot water, and, when cold, stirred into the gypsum with sufficient cold water to bring the mixture to. proper consistency to be applied with a brush, is infringed by one who sells a dry mixture of pulverized calcined gypsum and glue, put up in packages, with printed directions for reducing such mixture to a liquid according to the formula of said patent.

2. SAME—ACCESSORY TO INFRINGEMENT.

In selling a compound which the seller knows cannot be practically applied without making the user a trespasser, such seller renders himself an accessory to the infringement.

Motion to Dissolve Injunction.

*George H. Lothrop,* for the motion.

*John R. Bennett,* opposed.

COXE, J. The complainant is the owner of letters patent No. 161,591, granted to Melvin B. Church, April 6, 1875, for an improvement in calcimine. The inventor, in the specification, says:

"I take of pulverized calcined gypsum nine pounds, and of white glue one pound, the glue having been previously dissolved in hot water. When this glue, thus dissolved, is cold, I stir it into the gypsum in any suitable vessel,. adding thereto, from time to time, sufficient cold water, until the mixture has the consistency of mixed paint for priming coats, when it may be laid on the wall with a brush, where it sets slowly; affording a hard, dead-smooth surface, that will not rub off, and is much cheaper than the calcimine which has whiting or zinc for the body."

The claim is for "a calcimining compound, adapted to be used with brushes, composed of pulverized calcined gypsum, dissolved glue, and cold water, substantially as described."

It is conceded by the defendant that this patent is valid; or, to be more accurate, that he is not in a position to deny its validity. The question of infringement, therefore, is alone involved.

The defendant has sold to consumers in this district a compound known as "Anti-kalsomine," composed of pulverized calcined gypsum and white glue, manufactured and sold to him by a company located at Grand Rapids, Michigan, of which Melvin B. Church, the ·patentee, is president, general manager, and prime mover. Church was for years, as superintendent of the complainant corporation, engaged in manufacturing and selling a compound known as "Alabastine," which he then insisted and publicly proclaimed was protected by the patent in controversy. Having disposed of his patent to the complainant, and severed all connection with his former associates,

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

Church is now, through the medium of the new corporation, engaged, to the great injury of the complainant's business, in selling Antikalsomine, a compound almost exactly identical with Alabastine.

The question to be determined is whether, keeping in view the past relations of these parties, the plea of non-infringement should now be accepted by the court. It is contended that one who sells a dry mixture of pulverized calcined gypsum and glue, even though he subsequently reduces it to a liquid condition by the addition of hot water first and cold water afterwards, does not practice the invention.

The defendant sells the gypsum and glue put up in packages, upon which are printed directions, to which it is unnecessary to refer in detail further than to say that, *mutatis mutandis*, they follow quite closely the formula of the patent. The liquid thus produced, ready for use upon the wall, is almost the exact counterpart of that described and claimed in the patent. With this product alone before him it would be a difficult task, even for an expert, to say how it was produced,— whether the former or the latter directions were followed. In selling a compound which he knows cannot be practically applied without making the user a trespasser, the defendant, within the doctrine of the following authorities, renders himself an accessory to the infringement: *Rumford Chemical Works* v. *Hecker*, 2 Ban. & A. 351, 363; *Cotton-tie Co.* v. *Simmons*, 106 U. S. 89, 94, 95; S. C. 1 Sup. Ct. Rep. 52; *Tilghman* v. *Proctor*, 102 U. S. 707, 728; *Goodyear* v. *Railroad Co.*, 2 Wall. Jr. 356, 359; *Wallace* v. *Holmes*, 9 Blatchf. 65; *Woodward* v. *Morrison*, 1 Holmes, 125; *Bowker* v. *Dows*, 3 Ban. & A. 518; *Travers* v. *Beyer*, 26 Fed. Rep. 450.

Parties should not be permitted to evade the law by such proceedings as these papers disclose; it is the clear duty of the court to arrest the wrong in its inception.

The motion to dissolve the injunction is denied.