## WILLIS and others *v.* McCULLEN.[1]

*(Circuit Court, E. D. Pennsylvania. December 8, 1886.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—SALE OF MATERIAL BY LICENSEE TO NON-LICENSEES.

Where a licensee to sell materials for use in a patented process to other licensees, sells said materials, to be used for such process, to other persons known not to be licensees, he is guilty of infringement.

In Equity.

*Alexander & McGill* and *Charles Howson*, for complainants.

*John G. Johnson*, for respondent.

McKENNAN, J. The respondent had a license to use the patented process, and also a license to sell materials for the process, to licensees. The use of the process by the respondent was limited to Philadelphia. Whether these license contracts have been kept in good faith, or violated, by the one party or the other, and whether the complainants could rightfully revoke their licenses, are questions which, under the circumstances here appearing, we cannot consider. *Hartell* v. *Tilghman*, 99 U. S. 547. The parties are citizens of the same state, and our jurisdiction, therefore, depends on the subject-matter involved. To the extent of questions arising out of the patent, and the respondent's acts in alleged violation of it, we have jurisdiction. Over controversies arising out of the license contracts we have not. Thus the complaint of infringement by use of the process in Philadelphia, and the sale of materials for use by licensees elsewhere, drops out of the case.

There is no license, or room for suggestion of license, to sell materials to others than licensees, for use in the process. That the respondent did sell to such persons for such use, knowing that the materials were purchased for this use, and intending that they should be so applied, is quite clear upon the proofs, if not admitted by the pleadings. Purchasers were solicited by advertisement and otherwise, with an especial view to this use. By these sales thus made the respondent became a party to their use. The question whether the complainants violated their contracts, and thus failed in the observance of good faith, urged upon us in justification of this, or as a reason why we should not interfere, cannot be considered. If they violated their contracts, the respondent has an ample remedy elsewhere. He cannot find or seek redress by infringing the patent.

A decree must therefore be entered against him, as respects such sales for use in the process to unlicensed persons.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.