CELLULOID MANUF'G Co. and others *v.* AMERICAN ZYLONITE Co. and others.

*(Circuit Court, S. D. New York.    March 30, 1887.)*

1. PATENTS FOR INVENTIONS—CELLULOID COLLARS AND CUFFS—INFRINGEMENT.
   Letters patent No. 200,937, of March 5, 1878, to R. H. Sanborn, C. O. Kanouse, and A. A. Sanborn, for an improved fabric for collars and cuffs, or other similar articles, having outer sheets or layers of celluloid, and an interlining of textile or fibrous material, substantially as and for the purposes specified. A fabric consisting of two sheets of cloth, with a paper interlining, was made by one of the defendants, and delivered to the defendant the zylonite company, who placed a thin sheet of zylonite upon one side, and returned it to him, and he turned the zylonite face back on itself, so as to make a surface of zylonite upon both sides. The zylonite company claims that this is no infringement, because the fabric, as delivered by the company, is not a patented fabric, for the reason that it contains the celluloid on one side only, and the collar maker simply turns over one edge, and thereby makes a collar, and there can be no infringement in simply turning the hem of an unpatented material. *Held*, the patent was not for a new collar, but for a new material from which to make a collar, and consisted of double and outer sheets of celluloid and an interlining of textile or fibrous material; and, while a fabric which contains celluloid upon one side only is not the patented article, yet, if, by an intended change of form, it becomes a fabric for collars and cuffs having a double outer sheet of celluloid interlined with textile material, it is

an infringement; especially as it appears that the patentee and the infringer had the same object in view,—to produce a collar which could be kept clean without the aid of a laundress.

2. SAME—CONSPIRACY TO INFRINGE—JOINT LIABILITY.

The zylonite company having made the compound for the other defendant, with knowledge of the method in which it was to be used in making collars, must be considered as engaged with the other defendant in a common purpose to avoid the patent, and is liable as joint tort-feasor with him for the infringement.

In Equity.

*Frederick H. Betts*, for plaintiffs.

*Wetmore & Jenner*, for the Standard Collar Co.

*Horace M. Ruggles*, for the American Zylonite Co.

SHIPMAN, J. This is a motion for an injunction *pendente lite* against the alleged infringement by the defendants of letters patent No. 200,937, dated March 5, 1878, to R. H. Sanborn, C. O. Kanouse, and A. A. Sanborn, for an improved fabric for collars and cuffs. The validity of the patent was sustained in this circuit, in the case of *Celluloid Manuf'g Co.* v. *Chrolithion Collar & Cuff Co.* The nature of the invention is fully described in the opinion of the court, 23 Fed. Rep. 397.

The single claim of the patent is as follows:

"A fabric for collars and cuffs, or other similar articles, having outer sheets or layers of celluloid, and an interlining of textile or fibrous material, substantially as and for the purpose specified."

The infringing fabric is made as follows: A fabric, consisting of two sheets of cloth or muslin, with a paper interlining, is made by the Taylor & Tapley Manufacturing Company, named in the bill as a defendant, but not served with process. The American Zylonite Company places a thin sheet of zylonite upon one side of this fabric, and returns the compound sheet to the Taylor & Tapley Company. After the cloth edge of this sheet has been shaven off, the zylonite face is turned back upon itself, so that there is a surface of zylonite upon both sides at all the edges of the collar except at the neck-band. These edges are fastened and made secure with paste. The parts of the collar which demand strength, neatness, and a finish, and which are most liable to become soiled, have a double sheet of zylonite, which incloses an interlining of textile material. The body of the back of the collar has no zylonite surface. The collar cannot be immersed in water; it can be cleaned by the application of a wet sponge and water; and, it is said, can be used for months. The collars are sold by the third defendant, the Standard Collar Company.

The important question in the case is that of infringement. It is insisted by the plaintiffs that the difference between the facts in this case and those in the *Chrolithion Case* is one of details, and not of substance. The counsel and the expert for the defendants insist with great confidence, and with a conviction of the validity and completeness of their defense, that there is no infringement. It is said that the fabric, as it leaves the zylonite company and comes to the collar maker, is not the patented

fabric, which is true, because it contains the celluloid layer upon one side only; that the collar maker simply turns over one edge, and thereby makes a collar in the customary method; that there can be no infringement in turning the hem of an unpatented material; that making a hem is a very old device of the seamstress, and no one can infringe a patent by making a hem; and that the Taylor & Tapley Company do not make a fabric, but make collars from an unpatented fabric.

There are different and ingenious and attractive methods of stating the same defense, which is that the fabric, as it comes into the hands of the collar manufacturer, is unpatented, and that its unpatented character is not changed by the subsequent and well-known method of its manipulation into the shape of a collar. The defendants' argument hinges upon the last clause; the important question being whether the unpatented fabric has been changed into a patented one, and not whether a change has been effected by a familiar method.

The patent was not for a new collar, but for a new material from which to make a collar, and consisted, in brief, of double and outer sheets of celluloid, and an interlining of textile or fibrous material. A fabric which contains celluloid upon one side only is not the patented article; but if, by an intended change of form, it becomes a fabric having a double and outer sheet of celluloid with an interlining of textile material, why has it not become the patented article? If it has become the patented fabric for collars, it matters not whether the change was effected before or after it came into the hands of the collar maker, or whether the second and outer sheet can be called a hem.

Is, then, the defendants' fabric made of double and outer sheets of celluloid? It is not made of two separate sheets which inclose an interlining, and then are pressed together, but it is made by doubling over a single sheet of celluloid, and then inclosing the interlining, and then pasting the edges together, whereby a compound sheet is made. This difference cannot be a vital difference, unless the terms of the claim require that there shall be originally more than one sheet. The claim defines the fabric to be one which has outer sheets or layers of celluloid. By the words "sheets or layers," I do not understand that the patentees limited themselves to sheets originally detached; but, if the compound sheet had outer layers of celluloid, it was sufficient.

The object of the invention was to make, by the means of celluloid, a fabric for a permanent collar which could easily be kept clean, without the intervention of the laundress. The patentees accomplished this object by double and outer sheets of celluloid, and an interlining of textile material. The Standard Collar Company receives from the manufacturers and sells collars which contain so much of the new fabric as is needed to make a collar. So much as is unnecessary has not been used. It uses and sells a double and outer sheet of celluloid, and an interlining of textile material wherever the strength and the beauty of the collars most demand such use, and it omits a double sheet when the omission adds to the convenience of the wearer. It has a double sheet where such a sheet is indispensable, and thereby has taken the kernel of the inven-

tion to its own use, and has become, to the extent to which it employs the improvement, an infringer.

The defendants also make the point that the character or the kind of sheets of celluloid is not sufficiently disclosed by the patent. As there was but one kind of celluloid sheets which could, at the date of the patent, be used for the purpose, and the mechanic had no need of definite instruction, because the "cut" sheets were obviously the only ones which were, at the time, available, the objection seems to be theoretical rather than real.

It is apparent that the American Zylonite Company made the compound sheet for the Taylor & Tapley Company, with knowledge of the method in which it was to be used by that company in the manufacture of collars. The affidavit of Mr. Kipper, the president of the company, does not deny this. It was engaged with the other defendants in a common purpose to avoid the patent, and, in connection with them, it actually, by their concerted action, infringed the patent.

The motion is granted as against the defendants who have been served with process.