### SCHNEIDER *v.* MISSOURI GLASS CO. *et al.*

(*Circuit Court, E. D. Missouri, E. D.*    October 31, 1888.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION—SUSTAINED PATENT.

  A restraining order, pending suit for infringement of a patent, will be granted where the patent has been fortified by one final decision in its favor, and by numerous interlocutory orders of injunction granted by other courts, and there has been public acquiescence for several years in the validity of the patent.

**2. SAME—PLEADING—CERTAINTY—PROOFS.**

A bill in equity, praying for an injunction to restrain an alleged infringement of a patent for an improved lamp-shade holder, contained the averment that defendant "has imported lamp-shade holders adapted and intended by defendant to be used as a substantial part of the combination invented and patented by complainant." Affidavits on file showed that defendant had imported certain shade-holders; that the shade-holders so imported were the same as that exhibited to the court as an infringement of that manufactured by complainant, and which, by comparison, appeared substantially alike. *Held,* that the allegation as to infringement, and proof tendered in support thereof, were sufficient to warrant an injunction.

**3. SAME—INFRINGEMENT—PARTS OF COMBINATION.**

It is no defense that defendant has not imported all of the parts of complainant's combination, and that the part actually imported was adapted to other uses than as a part of complainant's combination; defendant not having explained the uses to which it intended to put the shade-holders.

In Equity. On motion for an injunction *pendente lite,* restraining the alleged infringement of reissued patent No. 10,087, for an improvement in shade-holders, granted April 11, 1882, to Bennett B. Schneider, as assignee of Carl Votti, the original inventor.

*Gifford & Brown,* for complainant.

*Ed. Cunningham, Jr.,* and *Fowler & Fowler,* for defendants.

THAYER, J. Since the first reissued patent of Carl Votti was held void by Judges BENEDICT and BLATCHFORD for want of a sufficient description of the invention, in *Schneider* v. *Thill,* 5 Ban. & A. 565, and *Schneider* v. *Lovell,* 10 Fed. Rep. 666, a second reissue has been obtained, which was sustained on final hearing in the case of *Schneider* v. *Pountney,* 21 Fed. Rep. 399, (U. S. Circuit Court, District of New Jersey, decided August 30, 1884.) In the last-mentioned case the second reissue was assailed on the following grounds: (1) That the specifications were still defective in the respect pointed out by Judges BENEDICT and BLATCHFORD; (2) that the invention had been anticipated; (3) that there was lack of patentable novelty; and (4) that the claims had been altered in the reissue so as to cover a different invention than that claimed and covered by the original patent. As a fifth defense defendants also asserted that they had not infringed, for that they had only sold one element of the combination covered by the patent. It is true that the court in its decision only mentions the first and last of the above-mentioned defenses, but, considering the elaborate arguments made in support of and against the other defenses, it must be presumed that they were also considered, and that they were not referred to in the decision because, in the opinion of the court, they involved questions of less doubt and difficulty. It also appears from the moving papers that interlocutory injunctions have been granted on this reissue by several other circuit courts of the United States, after the service of orders to show cause why such injunctions should not issue; and that a large number of dealers throughout the country have acquiesced for several years in the validity of the reissued letters. The utility of the invention is inferentially established by the large sales that have been made, and by the large demand that appears to have arisen for the patented article. The defendant is shown to be engaged

in the jobbing trade, and, as it is said, has recently imported lamp "shade-holders" which infringe complainant's patent. The sale of the same to retail dealers in various places may entail much expensive litigation, besides interfering with the trade and prices which complainant and purchasers from him of the patented article have already established. These are considerations which usually control the grant of an interlocutory restraining order, and they predispose me to issue such an order. It is not expected of course, nor would it be fair to either party, to enter upon a full investigation of the question of "anticipation" or "patentable novelty" or "expansion of the original claims" at this stage of the case. Those are questions which should be reserved for final hearing, inasmuch as the patent appears to be fortified by one final decision in its favor on these points, and by numerous interlocutory orders of injunction granted by other courts, as well as by public acquiescence.

It is suggested by defendant that both the allegation as to infringement, and the proof tendered in support thereof, is too vague to warrant an injunction. This objection must be overruled. It is averred in the bill, on information and belief, that defendant has imported lamp "shade-holders adapted and intended by defendant to be used * * * as a substantial part of the combination invented and patented" by complainant's assignor. The affidavits on file show that defendant has imported certain shade-holders, and the fact of such importation is not denied by defendant. The affidavits further show that the shade-holders so imported are the same as the "Leopold shade-holder" exhibited to the court on the hearing of the motion, and by comparison of the one so exhibited with those manufactured by the complainant, and also produced as exhibits, it is evident that they are substantially alike. With respect to the suggestion that defendant has not imported all of the parts of complainant's combination, and that the part actually imported is adapted to other uses than as a part of complainant's combination, it is sufficient to say that, if they are intended for such other uses, it was an easy matter for defendant to have explained the uses to which it intends to put the imported shade-holders; and it has failed to do so. *Wallace* v. *Holmes,* 5 Fish. Pat. Cas. 37. Upon the whole, I conclude that it is a proper case in which to grant a restraining order pending suit, and such an order is accordingly granted, to take effect on filing a bond for $5,000, and after service of the order on the defendant.