PRICE *et al. v.* JOLIET STEEL Co.

*(Circuit Court, N. D. Illinois.* May, 1891.)

INFRINGEMENT OF PATENTS—LACHES.
 An unexplained delay of seven and a half years in bringing suit for infringement of a patent will deprive complainants of the right to a preliminary injunction, and perhaps to an account; but, inasmuch as it would be inequitable to allow infringement to continue in the future, a court of equity will entertain jurisdiction to grant an injunction notwithstanding such laches.

In Equity.
*Samuel A. Duncan* and *Horace S. Oakley*, for complainants.
*Prussing, Hutchins & Goodrich, Banning & Banning & Payson*, and *E. N. Dickerson*, for defendant.

GRESHAM, J. The bill was filed October 30, 1890, and it avers that on the 2d day of May, 1876, letters patent 176,996 were duly issued to John M. Price and William Lewis for an original invention therein described; that on February 25, 1883, Lewis died intestate, and, on the 13th of April following, Louisa Lewis and Margaret Lewis qualified as his personal representatives; that on April 1, 1890, the surviving patentee and the personal representatives of Lewis, by a proper instrument, assigned the patent to the complainants, together with all rights of action for past infringements; that the complainants are still the owners of the patent; that it is valid, of great value, and has been generally respected by the public; "that the defendant, well knowing the premises and the rights secured to the inventors and patentees of the said invention aforesaid and of your orators, but conspiring with others and contriving to injure the said patentees, John M. Price and William Lewis, and your orators, and deprive them of the benefits and advantages which might and otherwise would accrue to them, the said patentees and your orators, from the said invention and improvement, since the grant of said letters patent has made or caused to be made and used, and now uses, within the city of Joliet, Ill., and elsewhere, a rolling-mill, for the rolling of steel or iron rails, embodying the principles of construction and of operation set forth in said letters patent, and covered by the several claims thereof, and that this manufacture and use on the part of the defendant has been without the license or authority of the said John M.

Price and William Lewis, or the administratrices of the said William Lewis, and without the license or authority of these, your orators, or either of them, but in disregard and defiance of the said patentees and your orators' rights in the premises, and in infringement of the said letters patent, and to the great injury of the said patentees and your orators, and damage to their rights." The bill also avers that the defendant, by its unlawful use of the invention, has derived large gains and profits, which should and would have been received by the patentees and the personal representatives of Lewis, and since the date of the assignment, by the complainants; that the defendant is prepared to continue its unlawful acts, and avows its purpose to do so. The bill prays for an injunction and an account. The defendant demurs, on the ground that the long delay in bringing the suit deprives the complainants of standing in a court of equity. It is urged in support of the demurrer that the bill shows the defendant was infringing as early as February 25, 1883, when Lewis died, and that the trespass continued until October 30, 1890, (the date of the filing of the bill,) a period of seven and a half years. The complainants' counsel concedes this to be a correct construction of the bill, and it will be treated accordingly. This unexplained delay in bringing suit is sufficient to deprive the complainants of the right to a preliminary injunction, and perhaps to an account. Is it fatal to their right to all other relief? The demurrer admits that the complainants own the patent; that it is valid and for a valuable invention; that the public has generally respected it; that the defendant has derived large gains by unlawful infringement and is prepared and expects to continue the trespass during the remainder of the life of the patent. Assuming that the complainants and their predecessors in ownership were guilty of laches in asserting their right to the invention, infringement under no claim of right is admitted, and it would be inequitable to allow it to continue during the remaining two years of the patent. An injunction would stop the trespass, and prevent a multiplicity of actions at law, which would be expensive and afford inadequate relief. In *McLean* v. *Fleming*, 96 U. S. 245, which was a suit for infringement of a trade-mark and an account, the court said: "Equity courts will not in general refuse an injunction on account of delay in seeking relief, when the proof of infringement is clear, even though the delay may be such as to preclude the party from any right to an account for past profits."

Demurrer overruled.