BEACH v. INMAN et al.

Circuit Court, N. D. New York. September 12, 1896.)

No. 6,417.

1. PATENTS—INFRINGEMENT—PAPER-BOX MACHINE.

The first three claims of the Beach reissue, No. 11,167, for a machine for attaching stays to the corners of paper or strawboard boxes, being broad ones, which have been sustained by the circuit court of appeals (18 C. C. A. 165, 71 Fed. 420), must be declared infringed by a machine in which the only differences are of form, and not of substance, and the changes accomplish no new function or result.

2. SAME—PRIOR ADJUDICATIONS.

When a patentee has obtained a final decree after years of arduous litigation, sustaining the broad claims of his patent, such decree should protect him against all intruders who seek to use the actual invention by making changes of form to avoid the wording of the claims. After such a decision, the claims and specifications are not to be scanned with a hostile eye.

This was a suit in equity by Fred H. Beach against Horace Inman and others for alleged infringement of reissued letters patent No. 11,167, for a machine for attaching stays to the corners of paper or strawboard boxes. The case was heard on a motion for a preliminary injunction. The patent was sustained in prior litigation by both the circuit court and the circuit court of appeals. See 63 Fed. 597, 18 C. C. A. 165, and 71 Fed. 420.

John Dane, Jr., for complainant.
Edmund Wetmore, for defendants.

COXE, District Judge. The first three claims of the Beach patent are involved. That the defendants' machine contains all the elements of the combinations of these claims, save one, is conceded. It does not, it is said, have the upper clamping die of the patent. In a narrow, technical sense this is true. The defendants' die moves horizontally instead of vertically, and has a roller pressure instead of that of a plunger. Both reciprocate; both cut off the stay-strip and both press it upon the box corner with sufficient force to make it stick. One has a rolling progressive cut; in the other the knife has a straight edge, which cuts across the strip synchronously as the die descends. So far as the cutting action is concerned, it is like the substitution of a circular saw for a straight saw, or a scimiter for a claymore. The character of the cut is not of the essence of the invention, and it is wholly immaterial whether a round cutter begins operations at the edge, or a straight cutter begins on the top or bottom of the stay-strip, so long as the cut is completed in time to enable the die to press the severed portion down upon the corner of the box. The same, substantially, is true of the pressing action of the two machines. It is the difference between a roller and a hammer—instruments often used interchangeably in mechanics.

The defendants' upper die is provided with a V-shaped groove around its periphery, which co-operates with the diverging faces of the lower die, and between the two dies the stay-strip is pressed into position. In principle the two machines are identical; they differ in details only. So long as the strip is made to adhere in the proper manner to the corner of the box it can make no difference whether pressure is applied uniformly to the entire adhesive surface, or by beginning the application at the side and continuing it until the desired result is accomplished. A postage stamp can be made to stick as well by passing a blotting roller over it as by pressing it down with the hand. In short the defendants accomplish the same result by equivalent means. Having in mind the broad construction placed upon the patent, the court is convinced that the defendants infringe.

The complainant is not limited to the precise mechanism shown. He is entitled to a liberal application of the doctrine of equivalents. "The first three claims are broad ones," says the circuit court of appeals, "covering the particular combinations referred to without any restriction to the details of mechanical construction. * * * The only question is whether, in view of the state of the art, Beach was entitled to appropriate as broad a combination as he has set

forth in his first three claims, which cover every device for affixing stay-strips to the outside of box covers, where the operation is performed by the combined action of a feeding mechanism, a cutting mechanism and a pasting mechanism, in combination with any opposing clamping dies whose faces diverge. The circuit court sustained these broad claims,.and we concur in this decision." It must, therefore, be held that the changes made by the defendants are of form, and not of substance; they introduce no new function, accomplish no new result and are only such as would occur to an ingenious mechanic whose object is to produce a machine which will do the forbidden work while presenting a different appearance to the eye.

When a patentee has obtained a final decree after years of arduous litigation, it should be final in reality as well as in name. It should guard his rights against all intruders; it should be a document of the utmost value, and not a mere brutum fulmen. If, after having passed the ordeal of the courts, patents are still to be scanned with a hostile microscope, and the inartistic and, perhaps, thoughtless nomenclature of the description is to be substituted for the machine itself, an invitation is extended to infringers to begin again the work of spoliation under a new disguise. They have only to change the mechanism by substituting a new part, taking care that it shall be known by a different name from the one used by the inventor to describe the corresponding part in the patented machine, and they may proceed with impunity. When the actual invention is made clear, the inventor should not be impaled upon a sharp construction of his ill-chosen adjectives. An infringer should not escape because he is able "to evade the wording of the claims." Parts of speech should yield to parts of iron and brass. A defendant who has been pronounced in the wrong at every stage of a litigation extending over a period of eight years should be satisfied. He should stop. When he persists in producing the old article by using a machine which concededly contains all the elements of the forbidden combination, save one, the court should not be overzealous to strain the rules of equity in his behalf. The presumptions are all against him. The motion is granted.