NEW YORK FILTER MANUF'G CO. v. ELMIRA WATERWORKS CO. et al.

(Circuit Court, N. D. New York. September 20, 1897.)

PATENTS—INFRINGEMENT—METHOD OF FILTRATION.

The Hyatt patent, No. 293,740, for an improved method of clarifying water by introducing into it a coagulant simultaneously with its passage through the filter, thereby avoiding the use of the settling basins of the prior art, and making the process continuous, *held* infringed by a process in which cisterns or tanks were introduced, through which the water passed

with a continuous flow in eddying currents, and which, therefore, were not the settling basins of the prior art.

This was a suit in equity by the New York Filter Manufacturing Company against the Elmira Waterworks Company and others for alleged infringement of letters patent No. 293,740, issued February 19, 1884, to Isaiah S. Hyatt, for an improved method of clarifying water. In a suit heretofore brought by the complainant against Schwarzwalder and Fink in the circuit court for the Southern district of New York, this patent was sustained on final hearing, and a decree entered for an injunction and an account (61 Fed. 840), which decree was affirmed by the circuit court of appeals for the Second circuit in January, 1895 (13 C. C. A. 380, 66 Fed. 152). Subsequently a suit was brought by the complainant against the Niagara Falls Waterworks Company for infringement of the same patent, which resulted in a decree for a preliminary injunction (77 Fed. 900), which decree was affirmed by the circuit court of appeals (80 Fed. 924).

John R. Bennett, M. H. Phelps, and F. G. Fincke, for complainant.
Frederic H. Betts, for defendants.

COXE, District Judge. I have examined with care all of the testimony relating to the only question now open—the question of infringement. In view of what has been said heretofore by this court and the circuit court of appeals it will serve no useful purpose to discuss this question at length. Suffice it to say that, in my judgment, the Elmira plant infringes the Hyatt patent. The defendants seem to entertain the opinion that they may use the Hyatt process if they use something else in connection with it. I do not think so. The real work of purification at Elmira is done by the Hyatt process. The cisterns underneath the filters may or may not be an improvement, but the filters act in precisely the same manner as those which have already been condemned by the courts. The tanks are larger than in the Niagara Case and the sedimentation is greater, but the difference is one of degree only. If a tank, through which a continuous flow of water passes in eddying currents, can become a "settling basin" the Niagara tanks are within this category as fully as those at Elmira. Tanks of this type are not the settling basins of the prior art to which the appellate court alluded in the closing sentence of its opinion.

It would have been better for the complainant if the court had voided the patent in limine rather than place a construction upon it which enables any one to infringe who has wit enough to pass the water on its way to the filter throur'h a cistern where some of the impurities are caught. Upon the theory of the defendants, water of precisely the same degree of purity might be passed to the filter bed from two distinct sources; if conducted there direct it would be an infringement, but if passed through a tank, where the coarser impurities are caught, it would not be. In each instance the water actually filtered contains the same amount of impurities, but in the latter it is found more. convenient, owing to its greater turbidity, to arrest some of the coarser impurities before introducing it to the filter bed. In both cases the Hyatt process is used.

It is due to the defendants, I think, in order to avoid further misunderstanding, to say that, in my opinion, they cannot evade the patent upon their present theory. Even though they should increase still further the capacity of the cisterns through which they pass the flowing stream it would not avail them.

The test at Elmira has been severely criticised by the complainant as unfair and misleading chiefly because lime was used and also an unusually large amount of alum. There certainly is foundation for complainant's contention that the plant could not, with good results, be operated practically as it was experimentally. Assume, however, the test to be fair, I am of the opinion that the results obtained fail to show that the defendants' cisterns are settling basins in the sense so frequently alluded to. The motion is granted.