NEW YORK FILTER MANUF'G CO. v. ELMIRA WATER-WORKS CO. et al.

(Circuit Court, N. D. New York.   November 26, 1897.)

PATENTS—INFRINGEMENT—METHOD OF FILTRATION.

The Hyatt patent No. 293,740, for an improved method of clarifying water, *held* infringed, on motion for preliminary injunction.   82 Fed. 459, affirmed.

This was a suit in equity by the New York Filter-Manufacturing Company against the Elmira Water-Works Company and others, for alleged infringement of letters patent No. 293,740, issued February 19, 1884, to Isaiah S. Hyatt, for an improved method of clarifying water.   This case was heretofore, on September 20, 1897, heard on a motion for a preliminary injunction, and the injunction was granted.   82 Fed. 459.   A rehearing of the motion was granted, and the same has now been heard a second time.

John R. Bennett and M. H. Phelps, for complainant.
Frederic H. Betts, for defendants.

COXE, District Judge.   As stated at the argument of the motion to strike out the complainant's replying affidavits I very much regret that the defendants should have felt aggrieved by the service and reception of these papers.   How they came to be examined, almost inadvertently, was then explained.   It was to remove any possible injustice in this regard that the defendants were permitted to reply to these affidavits and the case was reopened for the purpose of receiving everything, material to the issue, which the defendants desired to present.   Surely neither side can now complain that the fullest and freest opportunity to be heard has not been accorded.

I have read the new affidavits and briefs but do not find that any new facts are presented.   Old facts are reiterated or stated in a new way, but they are the old facts still.   In my former opinion upon this motion I did not intend to announce any new construction of the claim of the Hyatt patent further than to make it plain that the use of tanks, which differed only in degree from the tanks condemned at Niagara, would not, in my judgment, enable the defendants to avoid the patent.   The defendants seemed still to be laboring under an entirely honest, but, to my mind, mistaken impression as to the scope of the patent as interpreted by the circuit court of appeals in the original case.   They still entertained the opinion, apparently, that the closing paragraphs of the opinion so limited the claim as to destroy the patent for all practical purposes and render it a prey to any one who has sense enough to locate a tank on the line of flow.   It was the construction adopted by the defendants and not by the courts that I thought too narrow.

If the attempted process of philological filtration has produced turbidity instead of lucidity the excuse may be found in the fact that a vast mass of "suspended matter" was introduced directly to the judicial filter bed without the preliminary "sedimentation" of an oral argument. Suffice it to say, that I now disclaim any intention to place a new construction upon the claim of the Hyatt patent.

The Coventry process, which is practically the same as the Le Chatelier process, was elaborately discussed in the original suit in both courts and its inapplicability to the Hyatt process was clearly demonstrated. It is a sewage process; its tanks hold 225,000 gallons; its filtering ground covers nine acres.

I can add nothing to what has heretofore been said regarding this and similar efforts to anticipate and limit the Hyatt patent. If the view taken in my former opinion be correct further discussion is unnecessary. I regard the Elmira tanks only as enlarged and, possibly, improved types of the Niagara tanks. If the latter infringe, the former must infringe also.

The ordinary rules regarding the granting of preliminary injunctions are inapplicable here. Four times have the real defendants been adjudged infringers, twice by this court and twice by the circuit court of appeals. In such circumstances the doubt, if there be one, should be resolved in favor of the complainant. Surely there must come a time when it is permissible for the court to look with disfavor upon the persistent attempts of a defendant to evade a patent. I think that time is fast approaching, if it has not already arrived, in this litigation.

In conclusion I may add that I have now examined all the papers submitted on this motion, and after giving to them the most careful consideration I am of the opinion that the motion for an injunction should be granted.