## DOIG v. MORGAN MACH. CO.

(Circuit Court, N. D. New York. October 17, 1898.)

1. PATENTS—SUITS FOR INFRINGEMENT—FORMER JUDGMENT.
Collusion in the obtaining of a former judgment establishing the validity of a patent cannot be predicated on the defendant's failure to appeal.

2. SAME—PRELIMINARY INJUNCTION—IMPEACHING FORMER DECREE.
To justify a court in refusing a preliminary injunction against an infringer of a patent which has been sustained in a previous litigation, the defendant must prove either that the former decree was fraudulent, or that new proof so materially changes the aspect of the case that a different decree might have resulted, had it been presented in the original suit.

Suit in equity for the infringement of a patent. On motion for a preliminary injunction.

Wilson W. Hoover, for complainant.
Church & Church and Frederick F. Church, for defendant.

COXE, District Judge. The patent in suit, No. 342,268, has received careful judicial construction in Doig v. Sutherland, 87 Fed. 991, where the claims in issue, Nos. 5 and 6, were sustained by the circuit court. The defendant resists the motion for an injunction upon two principal grounds: First, that the former suit was not a bona fide one; and, second, that the state of the art as now presented establishes the invalidity of the patent for lack of invention.

The first proposition fails for want of proof. The controversy in the Sutherland suit seems to have been genuine and to have been conducted with ability and persistency on both sides. A few facts, which possibly permitted a suspicious inference, have been explained by the complainant's affidavits. The suggestion that the court was misled cannot be accepted. The character of counsel renders it most improbable that such an attempt was made, and the ability of the judge precludes the idea that, if made, it could have been successful. Collusion is also predicated of the failure to appeal. The failure to do this does not show common deceit; it does show common sense. If the defendant's counsel in the Sutherland suit supposed, as they well might, that an appeal would not succeed, it was their duty so to advise their client. In this age, when legislative and, oftentimes, judicial encouragement is given to appeals for every trivial and inconsequential mistake, the fact that an appeal is not taken is, at least, presumptive proof that the judgment is too firmly entrenched to be overthrown. The withdrawal from a cause by a defendant has never been regarded as proof of the strength of his defense. The facts surrounding the settlement of the former suit have been laid before the court. The settlement shows prudence and good judgment; it shows nothing more.

The attention of the court is now called to a number of patents which were not in the former record. The court is not at all satisfied that had they been in the Sutherland Case the result would have been different. Nothing now presented approximates the patent so closely as the Swan patent, which was held to be wholly insufficient as an anticipation. None of the new patents shows the combination of the fifth claim, and it is by no means certain that all combined would convey to a mechanic the ingenious idea embodied in that combination. It is not thought necessary or wise to discuss this branch of the motion further, as the question may present a different aspect should the cause reach a final hearing.

Infringement is clear under the construction given the claims in the former suit. The defendant is not an innocent infringer. It began making the infringing machine after the former litigation was begun and notice given to the trade. The complainant has a patent which has been sustained after a long and expensive litigation. The defendant infringes. Why should he not be enjoined? If the complainant's decree is fraudulent the burden rests heavily upon the defendant to prove it. This has not been done. Suspicion, even though well founded, is not enough. The same is true of the new evidence. It must appear that the new proof so changes the aspect of the case that a different decree might have resulted had it been present in the original suit. Of course the two suits present points of difference.

No two cases are exactly similar on the facts; but the court should not be overzealous in the search for distinctions to enable an infringer to evade a patent once sustained. Pending the trial of this action one of these parties must suffer loss. This is inevitable. No system yet devised by man can mete out absolute justice. As this case now stands the defendant is in the wrong. It must prove itself in the right before it can use the patented device. This court has so recently expressed its views upon similar situations that further elaboration is unnecessary. New York Filter Mfg. Co. v. Niagara Falls Waterworks Co., 77 Fed. 900, 906; Same v. Elmira Waterworks Co., 83 Fed. 1013; Beach v. Inman, 75 Fed. 840, 842. The motion is granted, the complainant to give a bond in the sum of $2,000.