NEW YORK FILTER MFG. CO. v. JACKSON.

(Circuit Court, E. D. Missouri, E. D.    December 27, 1898.)

No. 4,159.

1. PATENTS—PRELIMINARY INJUNCTIONS—DECISIONS OF OTHER COURTS.
    Where a patent has been before the courts of other circuits in a number of contested cases, and its validity has been uniformly sustained, it is not an open question upon a motion for a preliminary injunction, unless a new defense is interposed, and the evidence in support of it is so cogent and persuasive as to lead the court to the conclusion that it would have induced a contrary decision, had it been presented in the other suits.

2. SAME—SUIT FOR INFRINGEMENT—LACHES.
    Where defendant was notified by complainant, upon entering on the manufacture of an article, that complainant claimed a monopoly thereon under its patent, and was advised of such fact thereafter from time to time during litigation over the patent, a delay of five years in bringing suit for the infringement, during all of which time complainant was engaged in litigation with other infringers, is not such laches as will bar relief.

**3. SAME—INFRINGEMENT.**

Where a defendant is engaged in manufacturing, advertising, and selling an apparatus intended and adapted only to use the process covered by complainant's patent, with full knowledge of such patent, he is guilty of intentional contributory infringement.

**4. SAME—IMPROVEMENT IN WATER FILTERS.**

The Hyatt patent, No. 293,740, for an improvement in the art of filtration of water, *held* valid and infringed, on motion for preliminary injunction.

This is a suit in equity by the New York Filter Manufacturing Company against Powell Jackson for infringement of a patent. On motion for preliminary injunction.

John M. Holmes and John R. Bennett, for complainant.

Noble & Shields and Geo. W. Taussig, for defendant.

ADAMS, District Judge. This is an application for a preliminary injunction to restrain the defendant from infringing letters patent of the United States, No. 293,740, for an improvement in the art of filtration of water. The title to the patent is shown to be in the complainant, and its validity has been sustained, after a full hearing, on the merits, in the contested suit of New York Filter Co. v. O. H. Jewell Filter Co., in the circuit court of the United States for the Southern district of New York. 61 Fed. 840; 62 Fed. 582. It has also been sustained by the United States circuit court of appeals for the Second circuit in an appeal from the decree rendered in the last-cited case. 13 C. C. A. 380, 66 Fed. 152. It has also been sustained in the suit of New York Filter Mfg. Co. v. Niagara Falls Waterworks Co., both in the trial court and on appeal, in the circuit court of appeals for the Second circuit, on an application for a preliminary injunction. 77 Fed. 900; 26 C. C. A. 252, 80 Fed. 924. It has also been sustained in the case of New York Filter Mfg. Co. v. Elmira Waterworks Co., in the Northern district of New York, on an application for a preliminary injunction (82 Fed. 459; 83 Fed. 1013), and also in the case of Same Complainant v. Loomis-Manning Filter Co., 91 Fed. 421. In the several opinions pronounced in these cases, every conceivable question affecting the validity of the patent in question seems to have been considered, and, notwithstanding vigorous defenses made in each case, the result has in all instances been the same. The validity of the patent has been upheld, and injunctions have been granted against its infringement. Under well-settled rules of comity, the matter of the validity of the patent is no longer an open question upon a motion for a preliminary injunction, unless some new defense is interposed, and the evidence offered to support it is "so cogent and persuasive as to impress the court with the conviction that, if it had been presented and considered in the former case, it would probably have availed to a contrary conclusion." Electric Mfg. Co. v. Edison Electric Light Co., 10 C. C. A. 106, 18 U. S. App. 641, 61 Fed. 834; Wanamaker v. Enterprise Mfg. Co., 3 C. C. A. 672, 53 Fed. 791, and cases cited. It is contended by counsel for defendant that the case at bar is brought within this exception, by reason of the facts disclosed in the affidavit of the defendant, to the effect that

four gentlemen, residents of New Orleans, named Gardiner, Raynor, Eastwick, and Golding, are familiar with certain facts showing that Isaac Smith Hyatt, the patentee of the patent in suit, was not the first discoverer or inventor of the process of complainant's patent (consisting of introducing into the inflow of water to the filter a stream of coagulating fluid), but that, on the contrary, these gentlemen, or some of them, originally imparted information of this process to Isaac Smith Hyatt prior to the time of his application for a patent. Much was said in argument of this motion concerning the disappearance of certain evidence showing the facts disclosed by the New Orleans witnesses from the files of a suit first instituted on this patent in New Jersey, and also concerning the conduct of attorneys in some of the several cases already adverted to, in keeping part of court records in their offices, so that they were not available to counsel for defendant in preparing a defense to this motion. But all these matters are foreign to the inquiry now before the court. The controlling question to be considered is, were the facts disclosed by the New Orleans witnesses before the court or courts which have heretofore passed upon this patent? It does not admit of debate that they were not only before the circuit court and the circuit court of appeals in the former cases adjudicating this patent, but were considered and disposed of adversely to the defendant's contention. The court of appeals says in the case against the Niagara Falls Waterworks Company, supra:

"The affidavits of three gentlemen, that the beneficial character of salts of iron as a reagent was suggested by one or more of them to Mr. Hyatt during his experiments in New Orleans prior to his application for a patent, are inconsequential."

Judge Shipman, in the case against the O. H. Jewell Filter Company, supra, says:

"The New Orleans affidavits are, in my opinion, unimportant. The information which they contain is unsubstantial in character."

In the light of the proofs in this case, showing that the facts known to the New Orleans witnesses were brought before the several courts, and in the light of the manifest consideration and disposition of the defense predicated on such facts in the former adjudication concerning this patent, this court ought to be, and, in my opinion, is, foreclosed, in passing upon this motion for a preliminary injunction, from entering upon any original consideration of such facts. I may well repeat the pertinent language employed by Judge Shipman in the case against the Niagara Falls Waterworks Company at an early stage of the litigation on this patent:

"It is believed that after an exhaustive litigation upon a patent which is of known importance and has been widely advertised, and after its careful re-examination and a favorable adjudication upon its validity by the appellate court, this class of paper affidavits in regard to priority by individuals ought not to be permitted to delay the owner of the patent from receiving the advantages which accrue from his successful struggle with infringers."

It is next argued that complainant is barred by laches from maintaining this suit against the defendant. On this issue the facts are as follows: In 1893, when the defendant was about to organize a corporation to manufacture and sell the filters of the Hyatt type, the com-

plaintant's grantor, then owner of the patent in suit, warned the defendant of its claim to a monopoly, and cautioned him against infringement of the same. Prior to this warning the complainant's grantor had instituted its suit against the O. H. Jewell Filter Company, the principal infringer at that time, and its case was then being prosecuted in the circuit court of the United States for the Northern district of New York. The opinion of the trial court and of the court of appeals, in their order, were mailed to the defendant, to apprise him of the situation. From 1893 to 1897, during which time the complainant or its predecessor in title was vigorously prosecuting infringers at or near their home, as shown by the cases referred to, the defendant was made aware of each recurring favorable adjudication; and finally, in 1897, defendant entered into a somewhat protracted negotiation looking towards securing a license from the complainant, which, however, came to an unfruitful end in September, 1897. Complainant in the meantime continued to institute suits for injunctions against infringers, and reached the defendant's case at the time this suit was instituted, on November 16, 1898. These facts, in my opinion, present no case for the application of the doctrine of laches as a defense. Nothing was done, or failed to be done, by the complainant, in this case, to lull the defendant into repose upon any supposed right he was asserting. Defendant expended no money, incurred no obligations, or changed no situation, in reliance upon complainant's acquiescence. On the contrary, defendant proceeded to organize and conduct his business notwithstanding the repeated warnings and notices from the complainant, with his eyes wide open to the chances he was taking. The doctrine of estoppel, upon which this defense of laches rests, cannot be predicated upon the facts disclosed. McLean v. Fleming, 96 U. S. 245; New York Grape-Sugar Co. v. Buffalo Grape-Sugar Co., 18 Fed. 638; Price v. Steel Co., 46 Fed. 107; Spindle Co. v. Taylor, 69 Fed. 837.

The only question now left for consideration is whether the defendant is an infringer. The proof shows that he is engaged in manufacturing and installing filters embodying the construction and adaptation of parts peculiarly fitted to the operation of the process of complainant's patent. He provides a tank, as a part of his construction, useful only for the reception of a coagulant like that contemplated in complainant's patent. He provides a series of pipes to conduct a separate inflowing current of water through this tank to take up the coagulant therein, and carry it into the main-supply current, to be commingled with the water in its inflow to the filter proper. All of these parts would be unnecessary and useless, except for the purpose of equipping the common and well-known filter of commerce for the operation of a coagulating process to be conducted without settling basins, and simultaneously with the passage of water from its supply to the filter bed. This is the process of which the complainant has a monopoly under its patent. Defendant is engaged in the manufacture of filters containing these parts, which are not only obviously adapted to infringing complainant's process, but which, the proofs show, are actually intended by defendant for that purpose. He manufactures and installs filters for the purpose, shown by his advertisements and otherwise,

of inducing others to use the patented process in the filtration of water. Defendant's correspondence with Mr. Bennett, counsel for complainant, through the year 1897, evinces an admission on his part that his business consists in the manufacturing and installation of filters for the purpose of applying complainant's process.    Such purpose and intention on his part are clearly manifested in the final communication from the defendant at the close of negotiations for a license.    He does not then say that he is not infringing complainant's monopoly, but he does say, in substance, that complainant has no monopoly.    His language is:

"You must remember that I am now in possession of evidence that will enable me to break your patent, and, if we can settle without a long and protracted lawsuit, I am willing to do it; but, if you will not do so, the sooner you commence it, the better you will please me." See letter of defendant to Bennett of date August 9, 1897.

From all the proofs, I cannot escape the conviction that the defendant is engaged deliberately in manufacturing and selling filters designed and intended by him to enable an individual user to employ complainant's process in the filtration of water.    He is, therefore, according to well-settled authority, guilty of intentional contributory infringement in so doing.    Wallace v. Holmes, 9 Blatchf. 65, Fed. Cas. No. 17,100; Travers v. Beyer, 26 Fed. 450; Alabastine Co. v. Payne, 27 Fed. 559; Celluloid Mfg. Co. v. American Zylonite Co., 30 Fed. 437; Willis v. McCullen, 29 Fed. 641; Schneider v. Glass Co., 36 Fed. 582; Stearns v. Phillips, 43 Fed. 792; Boyd v. Cherry, 50 Fed. 279.    It results that the complainant is entitled to the preliminary injunction prayed for.    Counsel may prepare the same, and submit it to the court.