DIAMOND DRILL & MACH. CO. v. KELLEY et al.

(Circuit Court, E. D. Pennsylvania. June 22, 1904.)

No. 4.

1. PATENTS—DAMAGES FOR INFRINGEMENT—ACCOUNTING.

On an accounting for damages and profits for infringement of a patent for a manufactured article, defendants cannot be required to account for the profits on machines manufactured and sold by them, to be used by others in making the infringing article, since, while they may be liable as contributory infringers on account of such sales, the infringement itself consisted in the manufacture and sale of the article made on such machines by the purchasers, and the damages recoverable therefor cannot be measured by the profits made on the machines.

In Equity. Suit for infringement of patent. On motion for instructions to the master.

Wm. C. Strawbridge, for complainant.
Horace Pettit, for respondents.

DALLAS, Circuit Judge. The master to whom this cause was referred by the interlocutory decree entered in favor of the complainant was asked, upon its behalf, to require an accounting not only with respect to the coiled clasps which had been adjudged to infringe the patent sued upon, but likewise, and in addition thereto, to require an account of the profit derived by the defendants, or any of them, from the manufacture and sale of machines and apparatus adapted for use, and which, with their knowledge and connivance, were used, in constructing the infringing articles. The master declined to comply with this request, and, upon careful and mature consideration, I have reached the conclusion that he was right in doing so. I have no doubt that where several persons co-operate in an infringement, as in committing any other tort, they are each and all liable therefor. Nor can it be doubted that all infringers are liable for the profits accruing to them from the infringement. But in what, in this case, does the infringement lie? Certainly not in making, using, or selling machines for manufacturing coiled clasps, but in making, using, or selling coiled clasps containing the patented invention. The two things are quite distinct, and while it is true that the manufacturer or vendor of a machine may, by supplying it for an infringing use, make himself a participant in the infringement, yet it is the thing which the machine contributes to produce, and not the machine itself, which concretely embodies the infringement, for which he who furnishes and he who wrongfully uses the machine are alike responsible.

The decree entered in another circuit in the case of New York Filter Manufacturing Company v. Jackson Filter Company, 91 Fed. 422, cannot be regarded as in any degree authoritative. It may not have been made by consent, but, at all events, it does not appear that the point now under consideration was brought to the attention of the learned judge who signed it, or was at all considered by him.

¶ 1 Accounting by infringer of patent for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.

By agreement of counsel, the question which has been briefly discussed was argued as upon motion of the complainant for instructions to the master. Accordingly he is instructed to proceed in conformity with the views herein expressed, and all other questions, if any, arising in the master's office, will be considered, if need be, upon the coming in of his report.