## BRUSH ELECTRIC Co. *et al. v.* ELECTRIC IMP. Co.

*(Circuit Court, N. D. California.* January 26, 1891.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
The Brush electric light patent, No. 219,208, is valid, and its first six claims are infringed by the Wood lamp. Following *Brush Electric Co.* v. *Ft. Wayne Electric Co.,* 44 Fed. Rep. 284.
2. SAME—PRELIMINARY INJUNCTION.
The questions involved depending solely on the construction of two patents which have been fully examined in many of the United States circuit courts, and an injunction at the final hearing appearing to be inevitable, an injunction *pendente lite* will be granted, notwithstanding laches of the complainant in asserting its rights.

In Equity.
*Estee, Wilson & McCutchen, L. L. Leggett,* and *H. A. Seymour,* for complainant.
*Haggin & Van Ness* and *Robt. S. Taylor,* for respondent.

Before SAWYER, Circuit Judge.

SAWYER, J. This is a suit in equity for damages, and to enjoin the infringement of patent No. 219,208, issued to Charles F. Brush, September 2, 1879. The infringement charged, is, by the use of the Wood lamp. The Brush patent has been repeatedly before the circuit courts of the northern district of Indiana, the northern district of Illinois, and the northern district of Ohio, and sustained after elaborate and exhaustive examinations, by Judges GRESHAM, BLODGETT, BROWN, and RICKS. I have, especially, and, carefully, examined the lucid and able opinions of Judge BROWN, now of the United States supreme court, concurred in by Judge RICKS, in *Brush Electric Co.* v. *Western Electric Light & Power Co.*, 43 Fed. Rep. 533, and of Judge BLODGETT, concurred in by Judge GRESHAM, in *Brush Electric Co.* v. *Ft. Wayne Electric Co.*, 44 Fed. Rep. 284, and others, and I fully concur in their reasoning and conclusions on all the points so satisfactorily discussed in those cases. In the latter, the infringing lamp was the Wood lamp, the same as in this case; and that it is an infringement of the Brush lamp, it seems to me, is indubitably shown by the learned judge. In my present enfeebled condition, and under pressure of the large amount of important and long submitted business still undisposed of, I shall not waste time in a vain attempt to add anything new to the admirable reasoning of the judges in the cases cited. In my judgment, the Brush patent is valid, and the first six claims are infringed by the Wood lamp. It is urged, that, owing to the great hardship, that would be inflicted upon the defendants, and their patrons, should the suit, ultimately, fail, there ought to be no temporary injunction pending the suit, but that upon some equitable terms, an injunction should be withheld till it appears, that the complainant is entitled to one, after a final hearing, and decision upon the merits. But these questions have been, elaborately, and, exhaustively, argued over and over again, by counsel among the ablest in the land, in patent law, in many of the districts from and including the northern district of Ohio to the northern district of California. Every additional argument has brought additional thought, and experience to the discussion. The questions are, *not mere questions of fact*, depending upon the doubtful testimony of witnesses, but questions of the construction of two patents claimed to be in conflict. Both counsel, and the courts, have been aided by the views of eminent *opposing* experts, who have examined these patents quietly, in their offices; and have there at their leisure, exhaustively elaborated their theories, as to what these patents, respectively, cover, and presented them to the court. True, as usual, in such cases, the opposing experts differ widely in their views, but counsel, and the courts, have enjoyed the full benefit of their careful and scientific study and suggestions. After so many exhaustive arguments, upon a thorough consideration, and knowledge of the case, it is hardly to be expected, that further suggestions are likely to be made upon the construction of these patents, which will so change the deliberate views now taken by the court as to defeat an injunction at the final

hearing. The use of the Wood light is not controverted. It is, earnestly, urged, also, on the part of the defendant, that the laches of the complainant in enforcing its rights against the wrong-doer, should estop it from insisting upon obtaining an injunction *pendente lite.* This doctrine of laches, as I understand it, is, generally, applicable to preliminary injunction, only. When, upon a final hearing a party, clearly, appears to be entitled to an injunction, unless he has been guilty of laches, I apprehend, that, as a general rule, the injunction, as a part of his complete remedy, would not, ordinarily, be denied on the ground of laches alone. It is quite possible, that a case may arise, where laches, surrounded and attended by other qualifying circumstances, may render it inequitable to grant an injunction, as a part of the relief afforded at the final hearing. But, if so, this is not a case of that class. When it seems apparent, as in this case, after repeated exhaustive examinations of the patents, that an injunction at the final hearing is, inevitable, it appears to the court, that an injunction, *pendente lite*, should be granted. Let an injunction be granted, restraining, till the final hearing, or the further order of the court, the infringement of the first six claims of complainant's patent, upon the execution of a bond to be approved by the clerk in the sum of ——— dollars.