## WAITE v. CHICHESTER CHAIR CO..

*(Circuit Court, S. D. New York.   February 23, 1891.)*

1. PATENTS FOR INVENTIONS—CHILD'S CHAIR—UTILITY.
    Letters patent No. 224,923, issued February 24, 1880, to Joseph W. Kenna for a combination child's high chair and carriage, consisting of the frame of a low chair on wheels, hinged at the lower front corners to the upper front corners of a frame to support it as a high chair, with a bail hinged to the lower frame for a handle to the carriage, turning under a yielding rest below the rear stretcher of the upper frame, to support the back as a high chair, are not void for want of utility, though a chair made of this combination alone would be liable, when used as a high chair, to tip forward, so as to throw the child out, by the weight of the child when thrown forward.

2. SAME—INFRINGEMENT.
    Said patent is infringed by a chair which differs from the one described in the patent only in dispensing with the yielding rest, and carrying the bail up to the seat of the chair, where it will be held in place by the seat, and will support the back part of the chair.   Following *Thompson* v. *Derby*, 32 Fed. Rep. 830.

3. SAME—INJUNCTION—LACHES.
    Where a defendant has been manufacturing an infringing article for 10 or 11 years, and the patentee has known of it for 5 or 6 years without making objection, a preliminary injunction will not be granted to restrain the infringement.

In Equity.

*J. E. Maynadier*, for complainant.

*A. V. Briesen*, for defendant.

WHEELER, J.   This suit is brought upon letters patent No. 224,923, dated February 24, 1880, and granted to Joseph W. Kenna for a child's chair and carriage.   *Thompson* v. *Derby*, 32 Fed. Rep. 830, in the circuit court for the district of Massachusetts, was brought upon this patent.   The second claim, which is the one in controversy here, was held to be valid, and the chair alleged here to infringe was held to be an infringement.   The principal questions here, therefore, are whether this case differs materially from that, and, if so, to what result it leads. The patent is for a combined high chair and low carriage, convertible into either by hinging the frame of a low chair on wheels at the lower front corners to the upper front corners of a frame to support it as a high chair, into which it will turn to be lowered to make a carriage, with a bail hinged to the lower frame for a handle to the carriage, turning under a yielding rest below the rear stretcher of the upper frame, to support the back of it as a high chair.   The second claim is for the combination of the two frames with the bail and yielding rest.   The validity and scope of this claim as affected by reference of the patent office to the Pearl chair, numbered 292 in Heywood Bros.' catalogue, was considered in the former case.   That chair had a yielding rest, not shown in the catalogue nor in the case.   This is much relied upon now.   If the claim was for a yielding rest, this would be very material; but it is not.   The claim is for the combination of these parts in the formation of combined chair and carriage, each of which was well known in such a combined chair and carriage before, but which had never been combined together

in any combined chair and carriage before. The combined chair and carriage produced by the combination of these several parts together in it was new in the sense of the patent law, and patentable. This conclusion is not varied by proof of prior knowledge of any of the parts.

The defendants in the former case claimed that Lemuel A. Chichester was the first inventor of this combination. The defendant makes the same claim here upon additional testimony. This new state of the proofs does not, however, warrant any conclusion that the order of invention in time was any different from that to be presumed from the patents, and from that found before. A chair made of this combination alone would be liable, when used as a high chair, to be tipped forward above the hinge, by the weight of a child thrown forward, and to throw the child out. Much stress is laid upon this as showing that the invention covered by this claim is inoperative, useless, and not patentable. This does not appear to have been shown and so relied upon in the former case. The patent showed one way, and various others were known, for preventing this tipping forward. In *Loom Co.* v. *Higgins,* 105 U. S. 580, the Webster wire motion in question would not operate at all without putting other parts with it, not mentioned. Still the patent was upheld against objection for that reason. The other necessary parts were said to be implied and understood. Besides this, a chair made only of the parts named in the combination, as usually constructed, might not be wholly useless. It would be safe in some positions, and not dangerous in any, without throwing the weight outside the joint.

The most serious question is that of infringement. As the parts are all old, the combination of any less than all of them in their place in a chair would make a different chair in that respect and not infringe. The defendant dispenses with the yielding rest, which would hold the bail in place under the rear stretcher, and carries the bail up to the seat of the chair, where it will be held in place by that, and support the back part of the chair. The operation of the bail is the same in each. It is a handle for the structure as a carriage, and a support for the back part of the seat when the structure is a high chair. The yielding rest of the Pearl chair was at the under side of the seat, where the defendant's bail rests; but that does not limit the scope of the combination of the patent. That rest there is the equivalent of that of the combination. The seat answers the purpose of the rest in either case, and is the equivalent of either. The question of infringement is therefore the same now as it was in the former case, and is to be decided in the same way.

A question about an injunction is made now which was not made in the former case. The defendants and its predecessors have been making the infringing chair 10 or 11 years, and the orator has known of it 5 or 6 without making objection. The granting of an injunction is somewhat discretionary, although the recovery of damages, and of profits as damages, is a matter of legal right. This subject, with the authorities bearing upon it, is well examined by Coxe, J., in *Kittle* v. *Hall,* 29 Fed. Rep. 508. The orator appears to be entitled to a decree for an account of

profits and damages, but, under the circumstances, the question of granting an injunction is left until the coming in of the master's report.

Let a decree be entered for the orator for an account of profits and damages, with costs.