SAWYER SPINDLE CO. et al. v. W. G. & A. R. MORRISON CO.

(Circuit Court, D. Connecticut. February 13, 1893.)

No. 735.

1. PATENTS FOR INVENTIONS—ANTICIPATION—SPINDLE BEARINGS.
   Letters patent No. 253,572, granted February 14, 1882, to John E. Atwood, for an improved support for spindles in spinning machines, is not anticipated by patent No. 82,049, granted September 8, 1868, to David M. Weston, for an improved self-balancing centrifugal machine, wherein the shaft revolves in a box at its base, having an easily yielding spring, made of rubber or other elastic material, around its outer circumference, and

within a stationary bushing which is firmly secured to the cross timbers below; for the needs of the respective structures are different, and require a different character and location of pivot bearings.

**2. SAME—INFRINGEMENT—SPINDLE BEARINGS.**

The second and third claims of the Atwood patent are infringed by a spindle in which the spring surrounding the supporting tube, which contains both step and bolster bearings, is interposed between a shoulder on the tube and a shoulder on the base piece so as to press the former on the latter, the latter being a separate nut which screws into the upper end of the base piece; for this is a mere change in the location of the nut which operates the spiral spring in the patented device.

**3. SAME.**

It is doubted whether the patent is infringed by a spindle which has its supporting tube divided transversely into two parts, the lower part resting upon the bottom of the oil cup, and acting as the step bearing of the spindle, with the spring surrounding the part of the tube that contains the bolster bearing; inasmuch as it is doubted whether the two parts of the tube necessarily move together laterally, in all directions, during the self-adjustment of the spindle, as is required by the claims of the patent.

In Equity. Suit by the Sawyer Spindle Company and others against the W. G. & A. R. Morrison Company for the infringement of a patent. Heard on motion for a preliminary injunction. Granted as to one of the machines complained of, and refused as to the other.

Fish, Richardson & Storrow, for complainants.
Charles L. Burdett, for defendant.

SHIPMAN, Circuit Judge. This is a motion for a preliminary injunction to restrain the infringement of letters patent to John E. Atwood, No. 253,572, dated February 14, 1882, for an improved support for spindles in spinning machines. This patent was recently examined by this court, upon final hearing, in a suit in equity between the parties in this case. The history, patentable character, and novelty of the invention, and a description of the spindle which was held to be an infringement, were stated in the opinion. 52 Fed. Rep. 590. Upon the present hearing the defendant has presented, as an anticipation of the patented device, the structure described in letters patent No. 82,049, dated September 8, 1868, to David M. Weston, for an improved self-balancing centrifugal machine. This heavy machine consisted of a revolving cylinder which was to contain wet sugar, or other semiliquid material, to be freed from water, and which was firmly attached to the top of a perpendicular shaft, which shaft revolved in a box at its base. To this shaft power was applied by means of a driving belt attached to a pulley. A flexible, easily yielding spring, made of rubber or other elastic material, was placed around the outer circumference of the box, and within a stationary bushing which was firmly secured to the cross timbers below. The improvement described in the patent consisted in mounting the machine so as to have a flexible pivot bearing at the base, rather than to suspend it upon bearings at the top of the upright shaft. This machine contained nothing anticipative of the Atwood mechanism for a spindle support. The needs of the respective structures are different, and call for a different character and location of pivot bearings, and therefore the box at the bottom of the shaft of the

Weston machine has no patentable relation to the tube around the Atwood spindle, which supports both step and bolster bearings.

The next question relates to the fact of infringement by the manufacture and sale of two spindles which differ from each other, and also from the infringing spindle in the former case.   They are known as the "Hammond" and the "Dady" spindles.

In the Hammond spindle, a spring surrounding the supporting tube, which contains both step and bolster bearings, is interposed between a shoulder on the tube and a shoulder on the base piece, and presses the shoulder on the tube against the shoulder on the base piece.   This shoulder on the base piece is a separate nut, which screws into the upper end of the base piece.   In the former infringing device the spring was held between a nut upon the supporting tube and the lower part of the base piece, and the spring pulled down the tube so as to clamp it against a shoulder on the upper side of the base piece. No substantial difference, so far as the second and third claims of the patent are concerned, is created by the change of location of the nut which operates upon the spiral spring, and causes it to press upon and hold the tube in place.   I think that the fifth claim, when it speaks of a nut, means a nut which would, in the language of the specification, "serve as a means for graduating the degree of the elastic flexibility of the spindle;" and I agree with the suggestion of Mr. Livermore, that, "in practice, the nut which compresses the spring in these structures [the Hammond and Dady spindle] is not employed for varying the compression of the spring and controlling its force;" and consequently the fifth claim is not infringed.

The Dady spindle differs from the Hammond spindle because its supporting tube is transversely divided into two parts.   The lower part, which is about thirteen sixteenths of an inch in height, and which rests upon the bottom of the oil cup, receives the step of the spindle, and is its step bearing.   The spring surrounds that part of the tube which contains the bolster bearing.   The difference is that one supporting tube or piece of metal does not contain both bearings; but the complainants earnestly contend that the spindle and the two parts of the tube have the same working relation to each other as if the tube was made in one piece, and that the severed parts are so held, in fact, as to operate as if they were firmly united together.   I have no doubt that the Dady spindle is not the Rabbeth spindle, in which the supporting tube was rigidly connected with the rail, and could not adapt itself to the movements of the spindle, and the spindle and bolster bearing moved "within, and independently of, the supporting tube."   Neither part of the supporting tube of the Dady spindle is rigidly connected with the rail, and each part moves, to a certain extent, with the spindle, during its vibrations.   My doubt is whether the two parts of the tube and the spindle "move together laterally, in all directions, during the self-adjustment of the spindle," as required by the letters patent,—in other words, whether the two parts move in line with each other, so that there is no independent movement of the step bearing.   I do not now clearly see why the socket which forms the step bearing, and rests upon the bottom of the oil cup, may not move laterally, and, to a certain extent, in-

dependently of that part of the tube which contains the bolster bearing. This doubt causes me not to grant an injunction pendente lite against the manufacture or sale of the Dady spindle. Let there be an injunction against the manufacture, use, or sale of the Hammond spindle.