SAWYER SPINDLE CO. et al. v. TAYLOR et al.

(Circuit Court, D. New Jersey. June 6, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Where infringement is established, and it is shown that the validity of complainant's patent has been sustained in a contested suit in another district, a preliminary injunction will be granted him when the only additional evidence is such that, had it been introduced in the prior suit, the decision of the court must, under the view expressed in its opinion, have been the same.

In Equity. On motion for preliminary injunction in a suit by the Sawyer Spindle Company and others against Taylor and others for infringement of a patent. Motion granted.

W. K. Richardson, for the motion.

Geo. P. Wittlesey and A. Q. Keasbey, opposed.

DALLAS, Circuit Judge. This suit is based upon the alleged infringement of letters patent No. 253,572, dated February 14, 1882, granted to John E. Atwood, for "support for spindles for spinning machines." The claims involved are:

"(3) The combination, substantially as hereinbefore described, of a spindle rail of a spinning machine, a spindle, and a supporting tube flexibly mounted with relation to the spindle rail, and containing step and bolster bearings. (4) The combination, substantially as hereinbefore described, of a spindle rail, a spindle, a supporting tube containing step and bolster bearings, flexible connections between said tube and spindle rail, and adjusting devices for varying the degree of flexibility of the supporting tube and spindle therein. (5) The combination of the spindle rail, the spindle, the supporting tube, loosely mounted with relation to the rail, and containing the step and bolster bearings for the spindle, the spring, and the nut for compressing it, substantially as described."

It was agreed at bar that for the purposes of this motion it may be assumed that the third claim is inclusive of the fourth and fifth; and as the third claim, together with the second and fifth, has been sustained in a contested suit in the district of Connecticut, the validity of all the claims now sued upon must, with respect to the present application, be taken to be conclusively established. Spindle Co. v. Turner, 55 Fed. Rep. 979, (recently decided in the district of Connecticut,) and cases there cited. I have, however, examined and considered the only additional evidence which, upon this point, has been adduced in this case, being an English patent granted to the representative of David McG. Weston for "centrifugal machines," but do not doubt that if that patent had been introduced in the Connecticut case its decision would still have been the same. The opinion of Judge Shipman is plainly applicable to this English patent, although it was not brought to his attention.

Infringement, too, has been clearly established. The substantial identity of the contrivance of the defendants with that of the complainants is so plainly apparent upon inspection that it would be superfluous to compare them in detail. It is not necessary to

enlarge upon the views which, as to the points that have been mentioned, I stated at the hearing. Suffice it to say that the impressions then indicated have, by investigation and reflection, been strengthened and confirmed. I did entertain some doubt upon the question of laches, which was presented with much earnestness and ability, but have now arrived at the conclusion that there is nothing in the case to show a waiver by the complainants of the right which they now assert, or which should preclude them from the allowance of the special equitable remedy which they invoke. They proceeded against these defendants with what, under the circumstances, was due diligence, and have done nothing to justify the imputation that supineness or apparent acquiescence upon their part induced or invited the infringement of which they now complain.

The complainants' motion for a preliminary injunction is granted, and the writ may issue accordingly.