LOEWER SOLE-ROUNDER CO. v. GIBBON.

(Circuit Court, E. D. Pennsylvania. April 6, 1896.)

No. 80.

1. COMITY IN PATENT CASES—CIRCUIT COURTS.

A decision of a circuit court sustaining a patent will be followed by the circuit court of another circuit when the new evidence produced before the latter would not have been sufficient, in the court's opinion, to change the result, if it had been in the case as presented to the former. Spindle Co. v. Taylor, 69 Fed. 839, followed.

2. PATENTS—VALIDITY AND INFRINGEMENT—SOLE-CUTTING MACHINES.

The Loewer and Blair patent, No. 407,735, for a sole-cutting machine, *held* valid and infringed, as to claims 1, 4, 5, 6, 9, and 14. Loewer v. C. P. Ford & Co., 55 Fed. 62, followed.

This was a suit in equity by the Loewer Sole-Rounder Company against Charles S. Gibbon, for alleged infringment of a patent relating to sole-cutting machines. Final hearing on pleadings and proofs.

George B. Selden and George J. Harding, for complainant.
Wood & Boyd, for defendant.

DALLAS, Circuit Judge. This is a suit upon patent No. 407,735, dated July 23, 1889, granted to Henry Loewer and Barton L. Blair, for a sole-cutting machine. The claims in question are as follows:

"(1) In a sole-cutting machine, the combination, with the revolving cutter, C, and its shaft, of the revolving sole clamps, E, E', their supporting shafts, the movable carriage, and a revolving form, operating to vary the relative positions of the cutter and the sole clamps, substantially as described."

"(4) In a sole-cutting machine, the combination, with the revolving cutter, C, and its shaft, and guide, s, of the revolving sole clamps, E, E', clamp plates, z, z', removable form, F, and suitable supporting shafts, substantially as described.

"(5) In a sole-cutting machine, the combination, with the revolving cutter, C, and its shaft, and guide, s, of the revolving and traveling sole clamps, E, E', form, F, suitable supporting shafts, and movable blank guide, T, substantially as described."

"(6) In a sole-cutting machine, the combination, with the revolving cutter, C, and its shaft, and guide, s, of the revolving and traveling sole clamps, E, E', suitable supporting shafts, and movable blank guide, T, provided with adjustable plate, y', substantially as described."

"(9) In a sole-cutting machine, the combination, with the main frame, A, A', supporting the revolving cutter, C, and its shaft, and the guide, s, of the movable frame, D, carrying the revolving sole clamps, E, E', and form, F, and mechanism adapted to secure the simultaneous revolution of the sole clamps and the form, substantially as described."

"(14) In a sole-cutting machine, the combination, with the revolving cutter, C, and its shaft, provided with the spring guard, S, of the guide, s, and the revolving sole clamps, E, E', form, F, and suitable supporting shafts, substantially as described."

In April, 1893 (Loewer v. C. P. Ford & Co., 55 Fed. 62), the circuit court for the Northern district of New York adjudged these claims to be valid, and that they had been infringed by the use of a machine which is admitted to be substantially identical with that used by the present defendant. The defense then interposed was the same as is now relied upon, and the evidence then adduced was mainly the same as is now before this court. Five patents which were considered by Judge Coxe in the Ford Case are again set up. These have been supplemented by some additional evidence; but, upon carefully considering it, in connection with the opinion delivered by that learned judge (Loewer v. C. P. Ford & Co., supra), I do not believe that, if it had been produced before him, it would have changed his decision. Therefore, under the well-settled rule, I will follow his judgment. This rule, with sufficient citation of authorities, is stated in Spindle Co. v. Taylor, 69 Fed. 839.

A full-sized machine, substantially the same as the one shown in the drawings of the Blanchard patent, has been exhibited in this case. This exhibit was not before Judge Coxe, but the Blanchard patent itself was considered by him, and it does not appear that he experienced any difficulty in comprehending it, or that his views

respecting it would probably have been modified if the actual machine had been displayed to him.   He said:

"An army of ingenious mechanics and inventors had the Blanchard lathe before them for over half a century, yet the idea of utilizing it in the sole-rounding industry never seems to have occurred to one of them."

This observation is equally true, and quite as pertinent, now that the machine has been produced, as it was when made with reference to the patent alone.

Judge Coxe, after referring to the Blanchard lathe, and to the Hartford patent of 1884, also said:

"Besides these, the records show many machines for cutting and trimming the heels, and channeling and grooving the soles, of boots and shoes, and many improvements in lathes for turning lasts and other irregular forms. It is unnecessary to discuss the various exhibits in detail, for neither alone nor aggregated do they show the combinations of the claims."

Among the machines thus referred to were those covered by the Smith, the Joyce, and the King patents, respectively, all of which were then in evidence.   And, again, as to these, as well as to the Blanchard lathe, I am fully convinced that, if the machines, experiments, and testimony which have been added in the present case had been introduced in the former one, they would not have affected its result.   The gist of the decision which was made by the circuit court in New York is that the prior patents there presented did not show the combinations of the claims in suit, and had never suggested them to any one; and the only patent not before that court and which is now in evidence, viz. the Thompson patent, No. 10,239, of November 15, 1853, is so plainly not an anticipation that any particular discussion of it need not be entered upon.

Decree for complainant.